

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JAMES A. MUTINSKY,

                              Plaintiff,

                -against-

TOWN OF CLARKSTOWN, a public
municipal corporation of The State of New York,
Police Officer TARA PURCELL, Police Office "John"
MULLINS (first name being fictitious and currently
unknown but intended to be another police officer
involved in this matter), JOHN/JANE DOES 1-15,
being presently unknown persons who were Town
of Clarkstown police officers, law enforcement
personnel, or town officials in their individual and
official capacities; jointly and severally,

                            Defendants.

-------------------------------------------------------------X

Docket No.

**COMPLAINT**

**JURY TRIAL DEMANDED**

# 14 CIV. 7803

**JUDGE ROMAN**

       Plaintiff, JAMES A. MUTINSKY, by his attorney Jeffrey M. Adams, Esq., of the ADAMS

LAW FIRM, P.C., as and for his Complaint against the Defendants, jointly and severally, alleges

as follows:

## INTRODUCTION

       1. This action on behalf of the Plaintiff seeks damages and other relief against the Defendants

and Defendant police officers for their conduct, acts and/or omissions, their breach of their lawful

duties to the Plaintiff, which resulted in an unlawful exercise of authority over the Plaintiff by the

Defendants, including, <u>inter alia</u>, unlawful: trespasses on Plaintiff's property, physical invasion of

Plaintiff's privacy and into his purely private civil matter with a former tenant, a violent physical

confrontation and battery by the firing of a stun gun into Plaintiff's body, brutal physical restraint,

confinement of the Plaintiff, and Plaintiff's unlawful arrest and prosecution of criminal charges

that were dismissed, all on and after June 28, 2013. As of June 28, 2013, Plaintiff was a little over 2 1/2 months shy of his 79th birthday, and was and is a mere 5 foot 3 inches tall. Said unlawful conduct, acts and/or omissions committed by the Defendants violated and denied Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, the laws of the United States, were unlawful under state law, and are actionable herein under 42 U.S.C. §1983. As a direct and proximate result, Plaintiff has been caused, and in the foreseeable future will be caused, to suffer substantial damages, including but not limited to, serious physical harm, significant mental anguish, and substantial monetary loss.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action because this action falls within this Court's federal question jurisdiction under 28 U.S.C. § 1331, and because this action is brought under 42 U.S.C. § 1983 for violations of Plaintiff's civil rights by the Defendants under the Fourth and Fourteenth Amendments to the United States Constitution. It is respectfully requested that this Court exercise supplemental jurisdiction over the remaining state law claims herein. Venue is properly laid with this Court pursuant to 28 U.S.C. §1391, because all the conduct, acts, omissions, and occurrences complained of herein took place on Plaintiff's private property, and otherwise within the County of Rockland and State of New York.

## THE PARTIES

3. Plaintiff, JAMES A. MUTINSKY, at all relevant times was and is a citizen of the United States, a citizen of the State of New York, and resided at and owned the property, premises, land and buildings thereon, and commonly known as 65 and 65A North Grant Avenue, Congers, New York.

4. At all times relevant to this action, Defendant TOWN OF CLARKSTOWN, was and is a public municipal corporation of The State of New York, organized, existing, under and by virtue of Article 2-A, §§ 65.a.1 and 66.2 of the laws of The State of New York; and Defendant TOWN OF CLARKSTOWN at all times relevant to this action was responsible for the enforcement of the laws of The State of New York and was legally responsible for protecting and not violating, nor causing to be violated, Plaintiff's legal rights under the Constitutions of the United States and the State of New York, and under the laws of the United States and laws of The State of New York.

5. At all times relevant to this action, Defendant TOWN OF CLARKSTOWN included a division or department under its lawful authority, responsibility and control, known as the Clarkstown Police Department, consisting of persons who were and are officials, individual police officers, and law enforcement personnel, and who at all times mentioned herein were acting for, within, and on behalf of the Defendant TOWN OF CLARKSTOWN.

6. At all times relevant to this action, Defendant Police Officer TARA PURCELL, is a person who was and is a police officer acting individually and in her official capacity, and as a police officer employed by, acting for as agent or otherwise, and with the consent and under the control of Defendant TOWN OF CLARKSTOWN and its division/department Clarkstown Police Department; and Defendant Police Officer TARA PURCELL, in her individual and official capacity at all times relevant to this action was responsible for the enforcement of the laws of The State of New York, and was legally responsible for protecting and not violating, nor causing to be violated, Plaintiff's legal rights under the Constitutions of the United States and the State of New York, and under the laws of the United States and laws of The State of New York.

7. At all times relevant to this action, Defendant Police Officer "John" MULLINS Police Office "John" MULLINS (first name being fictitious and currently unknown but intended to be another police officer involved in this matter) (hereinafter referred to as "Police Officer "John" MULLINS"), is a person who was and is a police officer acting individually and in an official capacity, and as a police officer employed by, acting for as agent or otherwise, and with the consent and under the control of Defendant TOWN OF CLARKSTOWN and its division/department Clarkstown Police Department; and Defendant Police Officer "John" MULLINS, in his individual and official capacity at all times relevant to this action was responsible for the enforcement of the laws of The State of New York, and was legally responsible for protecting and not violating, nor causing to be violated, Plaintiff's legal rights under the Constitutions of the United States and the State of New York, and under the laws of the United States and laws of The State of New York.

8. At all times relevant to this action, Defendant Clarkstown Police Officer JOHN DOE 1, being presently an unknown person by name, is a person who was and is a police officer acting individually and his official capacity, and as a police officer employed by, acting for as agent or otherwise, and with the consent and under the control of Defendant TOWN OF CLARKSTOWN and its division/department Clarkstown Police Department; and Defendant Police Officer JOHN DOE 1, in his individual and official capacity at all times relevant to this action was responsible for the enforcement of the laws of The State of New York and was legally responsible for protecting and not violating, nor causing to be violated, Plaintiff's legal rights under the Constitutions of the United States and the State of New York, and under the laws of the United States and laws of The State of New York.

9. At all times relevant to this action, Defendants JOHN/JANE DOES 2-5, being presently unknown persons, who were Clarkstown Police Officers and believed to have entered upon Plaintiff's property on June 28, 2013 along with Defendant Police Officer TARA PURCELL and/or Police Officer "John" MULLINS and/or Defendant Police Officer JOHN DOE 1; and JOHN DOES 6-15, being presently unknown persons that were or are other law enforcement personnel, officials, agents or other persons acting individually and in their official capacities, employed by, acting for as agents or otherwise, and with the consent and under the control of Defendant TOWN OF CLARKSTOWN and  its division/department Clarkstown Police Department. Defendants JOHN DOES 2-15, in their individual and official capacities at all times relevant to this action, were and are responsible for the enforcement of the laws of The State of New York and were legally responsible for protecting and not violating, nor causing to be violated, Plaintiff's legal rights under the Constitutions of the United States and the State of New York, and under the laws of the United States and laws of The State of New York.

## COMPLIANCE WITH NEW YORK STATE STATUTES FOR BRINGING THE WITHIN ACTION AGAINST THESE DEFENDANTS

10.    All statutory requirements for bringing the within action against the Defendants under the laws of The State of New York have been complied with.  Specifically: in compliance with New York General Municipal Law §50-e, on September 24, 2013 a Notice of Claim was duly served upon and filed with the Town Clerk of the Defendant TOWN OF CLARKSTOWN notifying said Defendant the Plaintiff herein as Claimant intended to commence this action against it unless payment or adjustment of the Claim was timely made by said Defendant as provided by law; in compliance with New York General Municipal Law §50-i, heretofore at least

5

thirty days have elapsed since the service of said Notice of Claim, and that adjustment or payment thereof has been neglected or refused by said Defendant; and on September 2, 2014 a supplemental claim was served on counsel for said Defendant pursuant to demand by its counsel; and in compliance with to  New York General Municipal Law §50-h, on September 4, 2014  an examination of the Plaintiff was conducted by counsel for said Defendant pursuant to demand by its counsel.

11.  The limited liability rule of New York CPLR §1601 does not apply to the state law common law causes of action herein because said causes of action fall within one or more exceptions set forth in CPLR §1602.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 11, inclusive, as if fully set forth at length herein.

13.  In the afternoon of June 27, 2013, a residential tenant of the Plaintiff became a former tenant by vacating and surrendering all rights of occupancy and possession to a residential premises privately owned by the Plaintiff, and rented to the former tenant by the Plaintiff as landlord pursuant to a written lease.  Said rented residential premises, commonly known as 65A North Grant Avenue, Congers, New York, was and is a two story free-standing building with a three-car garage on the ground floor, and a residential living area on the second floor at the top of a flight of stairs.  Said rented premises was and is part of the same private property and parcel of land owned by the Plaintiff, was and is located a short distance behind the Plaintiff's residence and home, commonly known as 65 North Grant Avenue, Congers, New York.

14.  In the afternoon of Thursday, June 27, 2013, before the Plaintiff had a chance to fully inspect his premises he had rented, said former tenant appeared at and entered Plaintiff's residence

and demanded from the Plaintiff return of the entire security deposit the former tenant paid under the lease. Plaintiff informed the former tenant he did not have the money because he had to go to his bank to obtain the money.

15. The very next day, Friday, June 28, 2014, at approximately 2:45 o'clock in the afternoon, Plaintiff looked out the rear of his home and saw parked on his property in the driveway behind his home approximately three (3) Clarkstown Police vehicles and approximately five (5) Clarkstown police officers, including Defendant Police Officer TARA PURCELL, Police Officer "John" MULLINS and/or Defendant Clarkstown Police Officer JOHN DOE 1, and Defendants Clarkstown Police Officers JOHN/JANE DOES 2, 3, 4 and 5.

16. Thereupon, Plaintiff exited the rear his home and walked up to Defendant Clarkstown Police Officer TARA PURCELL and/or Police Officer "John" MULLINS and/or Defendant Clarkstown Police Officer JOHN DOE 1, who were both standing together next to the former tenant. Plaintiff inquired why all the police officers and police vehicles were on his property, by asking the two officers why the Clarkstown Police were there on his property, and was told the former tenant wanted the security deposit.

17. From that statement, it is undisputed that the several Defendant Clarkstown police officers and police vehicles went into Plaintiff's property and confronted Plaintiff and/or were directed or caused by Defendants JOHN/JANE DOES 2-15 to go into Plaintiff's property and confront Plaintiff, in response to a call for assistance by the former tenant wanting Plaintiff to give her security deposit money she paid under a private lease with him.

18. Plaintiff responded to the police officers Defendants TARA PURCELL and/or "John" MULLINS and/or Defendant JOHN DOE 1 that he did not have the money at that time and had to go to the bank. At that point, Plaintiff noticed a water company worker in the front of his house

along North Grant Avenue, and needed to make sure the worker was not going to shut the water off at the building that had been rented. So Plaintiff told the officers he would be right back after he spoke to the water company worker.

19. Just a couple of minutes later, after speaking with the water company worker, Plaintiff returned to the rear of his home to continue the conversation with Defendant Clarkstown Police Officers TARA PURCELL, Police Officer "John" MULLINS and/or JOHN DOE 1. As Plaintiff approached those police officers, he observed they were in a private conversation with the former tenant. So as not to intrude on that conversation at that time, Plaintiff continued to walk past said Defendant Police Officers and his former tenant toward his building the former tenant had vacated in order to make a brief inspection and check interior repainting work on the second floor.

20. Within just a few minutes, as Plaintiff was standing on the landing at the top of the staircase viewing the painting work in his building, Defendant Police Officer TARA PURCELL and/or Police Officer "John" MULLINS" and/or Defendant Police Officer JOHN DOE 1 burst into the entrance door at the bottom of the staircase of Plaintiff's private building and immediately proceeded up the staircase in a hostile, threatening manner toward the Plaintiff, a diminutive, elderly man that was a mere 5 feet 3 inches in height. As the Defendants were coming up the staircase toward the Plaintiff standing at the top of the staircase, Defendant PURCELL and/or Defendant MULLINS and/or Defendant JOHN DOE 1 ordered Plaintiff to pay the former tenant the money; and as Defendant "John" MULLINS and/or JOHN DOE 1 was moving up the staircase close behind her, he was tossing paint drop cloths to the side that had been laid down on the staircase, and ordered the Plaintiff to get out of his building.

21. Defendant PURCELL then stopped at the step below the top landing where Plaintiff was standing, and/or Defendant "John" MULLINS and/or Defendant JOHN DOE 1 stopped right behind Defendant PURCELL a step or two below her.

22. Immediately after the officers stopped near the top of the staircase, without any warning or legal justification whatsoever, Defendant JOHN DOE 1 pulled on the paint drop cloth on which Plaintiff was standing, causing Plaintiff to lose his balance, and causing his right foot go up and out from under him.

23. Police Officer "John" MULLIONS and/or JOHN DOE 1, without any warning or legal justification whatsoever, then fired his stun gun weapon at the Plaintiff, striking Plaintiff with two electric probes that penetrated Plaintiff's body and injected a powerful electric charge into Plaintiff's entire body, completely immobilizing him, causing his mind and body to go into electrical shock with complete disorientation, and causing him to fall with the full weight of his elderly body onto the hardwood floor of a room behind the staircase.

24. After being shot with the stun gun weapon by Defendant JOHN DOE 1, Plaintiff then recalls being in severe pain about his body lying on his stomach with his hands placed very tightly in handcuffs behind his back. Plaintiff next recalls being helped into an ambulance to take him to a hospital with his hands still tightly secured in handcuffs behind his back, but not before Defendant JOHN DOE 1 took Plaintiff's wallet from his pocket and went through it. Then, Plaintiff asked the Defendant Police Officers to loosen or remove the handcuffs. The Defendant Police Officers deliberately ignored and refused Plaintiff's request, informed the Plaintiff he had been placed under arrest, and Plaintiff's hands remained tightly in the handcuffs behind his back for an extensive amount of time in the ambulance, and until after he had been admitted into the hospital. Plaintiff remained in the hospital as an inpatient for three and a half (3 1/2) days.

25.  After Plaintiff was handcuffed and arrested by Defendant PURCELL and Defendant JOHN DOE 1, Defendant PURCELL, as Complainant, prepared and swore to under oath a Misdemeanor Information alleging that on June 28, 2013 at approximately 3:00 pm, Plaintiff committed the offenses of "Resisting arrest" under New York Penal Law 205.30 and "Harassment in the second degree" under New York Penal Law 240.26(1), and caused said criminal charges to be filed with the Justice Court, Town of Clarkstown on July 1, 2013.

26.   As a direct result of Defendant PURCELL filing the Misdemeanor Information, an Appearance Ticket under the name of Defendant "P.O. Purcell" was then served on the Plaintiff summoning him to appear at the Clarkstown Justice Court on July 15, 2013 at 9:30 am to answer said criminal charges made against him by Defendant PURCELL.   Plaintiff was then caused to hire criminal defense counsel to defend him against the prosecution of the charges at Plaintiff's initial court appearance, at subsequent hearings/appearances, at nonappearances of the prosecution, in conferences with the prosecution, and in a motion for discovery.

27.  Over a year after his arrest and the charges filed against him, on July 17, 2014, Justice Rolf M. Thorsen of the Clarkstown Justice Court, dismissed both the criminal charges filed against the Plaintiff.

28. On June 28, 2013, the Defendants knew that the former tenant contacted the Clarkstown Police Department for assistance to confront the Plaintiff on his property to obtain a security deposit paid under a private lease between the former tenant and the Plaintiff.  At that instance even before the Defendant Police Officers were dispatched to Plaintiff's property,  Defendants in this case  knew or should have known that the request for assistance by the former tenant was a private civil matter between the former tenant and the Plaintiff, and outside the lawful jurisdiction of the Clarkstown Police Department; and Defendants PURCELL and JOHN DOE 1 knew no later

when the Defendant Police Officers first arrived, entered Plaintiff's property, confronted him, answered his question that the problem was the former tenant wants her security deposit.

29.   The Defendants knew or should have known, that the nature of the problem between the former tenant and the Plaintiff was purely a private civil dispute under a residential lease governed exclusively by civil law and outside their criminal law jurisdiction and their lawful authority.

30.   Despite having such knowledge, or without having such knowledge they should have had, the Defendant Police Officers PURCELL, JOHN DOE 1, and Defendants JOHN/JANE DOES 2-15, individually and in their official capacities, directed, dispatched, and on their own accord and/or in concert with each other, proceeded intentionally or negligently: to unlawfully enter Plaintiff's private property, continued to unlawfully remain on Plaintiff's private property to confront the Plaintiff on his private property concerning on a private civil matter, and continued to invade Plaintiff's privacy. Defendants Officer PURCELL and JOHN DOES 1 then confronted the Plaintiff on his private property, pursued Plaintiff on his private property and into his building in a threating and hostile manner.   Then, Defendant JOHN DOES 1 intentionally and/or negligently, and without justification and despite Plaintiff's diminutive size and advanced age, shot Plaintiff with a stun gun weapon disabling Plaintiff and causing him to sustain serious and lasting injuries.  Said Defendants then proceeded to falsely arrest the Plaintiff, deprive Plaintiff of his freedom of movement by keeping him painfully restrained in handcuffs and confined in their custody for an extended period of time despite his diminutive size and advanced age, and caused him to be confined and tightly handcuffed with his hands behind his back in an ambulance and in the hospital for an extended period of time.   Thereafter, Defendant PURCELL falsely accused Plaintiff with committing two separate crimes, intentionally caused Plaintiff to be abusively served

with criminal legal process for those crimes, and then with ill will and malice caused Plaintiff to be prosecuted for those two crimes for over a year until they were dismissed by the Justice Court.

31.    All the aforementioned conduct, acts and/or omissions of the Defendants were committed by them unlawfully, were without legal justification, without legal or qualified immunities, and were beyond the Defendants' statutory law enforcement powers, jurisdiction, and other legal authority to intervene in the private and purely civil matter between Plaintiff and his former tenant over return of a security deposit under a private residential lease between them.

32. But for the Defendants' unlawful intervention at the very outset of this episode when they first had knowledge of the nature of the dispute as purely a civil dispute between the Plaintiff and his former tenant, Plaintiff would not have suffered any of the harm and damages complained of herein. Concomitantly, in the very first instance when the former tenant contacted the Clarkstown Police Department for assistance on return of a security deposit, had the Defendants properly informed the former tenant that the problem was a strictly a civil matter, and that the Clarkstown Police Department does not intervene in purely civil matters, all of Plaintiff's injuries, pain, suffering and violations of his legal rights complained of herein would not have occurred.

## AS AND FOR A FIRST CAUSE OF ACTION
### Against Defendants Officer TARA PURCELL, "John" MULLINS and/or Officer JOHN DOE 1
#### *Acts of Battery and Use of Excessive Force*

33.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32, inclusive, as if fully set forth at length herein.

34.    The conduct, acts, and/or omissions of Defendants Officer TARA PURCELL and/or Police Officer "John" MULLINS and/or Officer JOHN DOE 1, as aforesaid, constituted multiple acts of battery and excessive, unjustified physical force committed intentionally and/or negligently by Defendants Officer TARA PURCELL and/or Police Officer "John" MULLINS and/or Officer

12

JOHN DOE upon the body of the Plaintiff without legal justification, without consent of the Plaintiff and against his will; including, but not limited to, Plaintiff being shot and electrocuted by and/or Police Officer "John" MULLINS and/or Defendant JOHN DOE 1 with an electrically charged stun gun, and Plaintiff being physically and painfully restrained by them against his will in handcuffs behind his back; all of which unlawful conduct committed by said Defendants against the Plaintiff was unreasonable and excessive in the circumstances, and constituted separate acts of battery.

35. As a direct and proximate result of said Defendants committing acts of battery against the body of the Plaintiff, Plaintiff has suffered and will continue to suffer in the foreseeable future serious and disabling injuries about his mind and body, emotional distress, humiliation and embarrassment, diminishment in the quality of his life, and substantial economic loss.

## AS AND FOR A SECOND CAUSE OF ACTION
### Against Defendants Officer TARA PURCELL and Officer JOHN DOE 1
#### *Intentional Infliction of Emotional Distress*

36. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 35, inclusive, as if fully set forth at length herein.

37. The intentional conduct, acts, and/or omissions of Defendants Officer TARA PURCELL and/or Police Officer "John" MULLINS and/or Officer JOHN DOE 1, as aforesaid, constituted intentional infliction of emotional distress against the Plaintiff without legal justification, without consent of the Plaintiff and against his will, including but not limited to Plaintiff being confronted by Defendants Officer TARA PURCELL and Officer JOHN DOE 1, being physically threatened by the actions of said Defendants in pursuing him and rushing towards him, being shot, electrocuted and disabled by Defendant JOHN DOE 1 with an electrically charged stun gun, in being falsely arrested and physically restrained in handcuffs behind his back by them

against his will as aforesaid; all of which conduct committed by said Defendants against the Plaintiff was unreasonable and excessive in the circumstances.

38.  As a direct and proximate result of said Defendants committing said acts of intentional infliction of emotional distress against the Plaintiff, Plaintiff has suffered and will continue to suffer in the foreseeable future serious and disabling injuries about his mind and body, emotional distress, humiliation and embarrassment, diminishment in the quality of his life, and substantial economic loss.

## AS AND FOR A THIRD CAUSE OF ACTION
### Against Defendants Officer TARA PURCELL and Officer JOHN DOE 1
#### *False Imprisonment*

39.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 38, inclusive, as if fully set forth at length herein.

40.   The conduct, acts, and/or omissions of Defendants Officer TARA PURCELL and/or Police Officer "John" MULLINS and/or  Officer JOHN DOE 1, committed intentionally and/or negligently, included depriving Plaintiff of freedom of movement by physically restraining him, and restraining him painfully in handcuffs behind his back for an extensive period of time, arresting him, detaining and confining him in their custody when in the ambulance and at the hospital; all of which conduct committed by said Defendants against the Plaintiff was unreasonable and excessive in the circumstances, and constituted multiple acts of false imprisonment committed by Defendants Officer TARA PURCELL and/or Police Officer "John" MULLINS and/or Officer JOHN DOE against the Plaintiff.

41.   As a direct and proximate result of said Defendants committing acts of false imprisonment against the Plaintiff, Plaintiff has suffered and will continue to suffer in the foreseeable future serious and disabling injuries about his mind and body, emotional distress,

humiliation and embarrassment, diminishment in the quality of his life, and substantial economic loss.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Against Defendants Officer TARA PURCELL and Officer JOHN DOE 1
#### *False Arrest*

42. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 41, inclusive, as if fully set forth at length herein.

43. Defendants Officer TARA PURCELL and/or Police Officer "John" MULLINS and/or Officer JOHN DOE 1 arrested the Plaintiff on Plaintiff's property without any probable cause crimes were committed, and without any warrant or legal authority to be on Plaintiff's property at the time said Defendants arrested the Plaintiff, thereby depriving Plaintiff his legal rights, to be free from arrest under the law without probable cause; and the arrest of the Plaintiff by said Defendants was otherwise unreasonable in the circumstances.

44. As a direct and proximate result of said Defendants falsely and unlawfully arresting the Plaintiff, the Plaintiff was subjected to being fingerprinted, photographed and processed as a person charged with a crime, was required to hire an attorney at substantial cost and expense, incurred other economic loss, and was subjected to having to appear at his criminal proceedings over the course of over a full year until the charges upon which the false arrest was made were dismissed by the Clarkstown Justice Court. In addition, as a direct and proximate result of said Defendants' false arrest, Plaintiff has suffered and will continue to suffer in the foreseeable future emotional distress, humiliation, and public embarrassment.

## AS AND FOR A FIFTH CAUSE OF ACTION
### Against Defendant Officer TARA PURCELL
#### *Abuse of Process*

45.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 44, inclusive, as if fully set forth at length herein.

46.  After Plaintiff's arrest, Defendant Officer TARA PURCELL as Complainant, prepared and swore to under oath the said Misdemeanor Information, causing said criminal charges to be filed with the Justice Court, Town of Clarkstown on July 1, 2013, which as a direct result caused process to be served upon the Plaintiff in the form of said Appearance Ticket under the name of Defendant "P.O. Purcell" summoning Plaintiff to appear at the Clarkstown Justice Court on July 15, 2013 at 9:30 am to answer said two criminal charges made against him of "Resisting arrest" under New York Penal Law 205.30 and "Harassment in the second degree" under New York Penal Law 240.26(1).

47.  Defendant Officer TARA PURCELL caused said process to be served upon the Plaintiff not for a proper or lawful purpose, but without probable cause or justification, for an improper and/or unlawful purpose, to support the false arrest, acts of battery against the Plaintiff, the other unlawful conduct committed by Defendant Officers TARA PURCELL and/or Police Officer "John" MULLINS and/or Officer JOHN DOE 1 against the Plaintiff on June 28, 2013, and/or to cause harm to the Plaintiff.

48. As a direct and proximate result of said abuse of criminal process of the Plaintiff, Plaintiff suffered special harms and damages, including that Plaintiff was required to hire an attorney at substantial cost and expense to defend him, incurred other economic loss, and was subjected to having to appear at his criminal proceedings over the course of over a full year until the charges upon which the false arrest was made were dismissed by the Clarkstown Justice Court. In addition, as a direct and proximate result of said Defendants' false arrest, Plaintiff has suffered and will

continue to suffer in the foreseeable future emotional distress, humiliation, and public embarrassment.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Against Defendant Officer TARA PURCELL
### *Malicious Prosecution*

49.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 48, inclusive, as if fully set forth at length herein.

50.   Defendant Officer TARA PURCELL and/or Police Officer "John" MULLINS  without probable cause, and with actual malice and/or ill will against the Plaintiff, and as the Complainant, directly caused Plaintiff to be prosecuted by the Rockland County District Attorney for "Resisting arrest" under New York Penal Law 205.30 and "Harassment in the second degree" under New York Penal Law 240.26(1) during the course of over a year until those criminal charges were dismissed on July 17, 2014 by Justice Rolf M. Thorsen of the Clarkstown Justice Court.

51.   As a direct and proximate result of said malicious criminal prosecution of the Plaintiff, Plaintiff suffered special harm and damages, including that Plaintiff was required to hire an attorney at substantial cost and expense to defend him, incurred other economic loss, and was subjected to having to appear at his criminal proceedings over the course of over a full year until the charges upon which his prosecution was based were dismissed by the Clarkstown Justice Court. In addition, as a direct and proximate result of said Defendant's malicious prosecution, Plaintiff has suffered and will continue to suffer in the foreseeable future emotional distress, humiliation, and public embarrassment.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### Against Defendants Officer TARA PURCELL, Officer JOHN DOE 1,
### and Officers JOHN/JANE DOES 2-5
### *Trespasses to Land*

52.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 49, inclusive, as if fully set forth at length herein.

53. Defendants Officer TARA PURCELL, and/or Police Officer "John" MULLINS and/or Officer JOHN DOE 1, and Officers JOHN/JANE DOES 2-5 intentionally and/or negligently committed trespasses and continuing trespasses upon the property owned by the Plaintiff by entering his property in a virtual swarm of police officers with as many as five (5) police vehicles uninvited; and then continuing to trespass and remain upon Plaintiff's land and in his building even after knowing there were called there to assist in the former tenant in a purely private civil matter; and all despite Plaintiff's objection to their presence and a demand to "get out" and "get off my property."

54.  Said Defendants entry and remaining upon Plaintiff's land and entry into his building unlawfully, without legal justification, without legal or qualified immunities, were unreasonable in the circumstances, and beyond said Defendants' statutory law enforcement powers, jurisdiction, and other legal authority to enter and trespass and continue to trespass upon Plaintiff's property for the purpose of  intervening in the private and purely civil matter between Plaintiff and his former tenant concerning return of a security deposit under a residential lease.

55. As a direct and proximate result of the unlawful trespasses and continuing trespasses committed by said Defendants, Plaintiff suffered all the harm and damages complained of herein during the direct chain of events that directly followed the Defendants' unlawful trespasses and continuing trespasses upon his property in the afternoon of June 28, 2013.  Concomitantly, but for Defendants' unlawful initial trespasses and continuing trespasses, Plaintiff would not have suffered any of the harm and damages complained in this action, and for which Defendants are liable to the Plaintiff.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### Against Defendants Officer TARA PURCELL, Officer JOHN DOE 1, and Officers JOHN/JANE DOES 2-5
#### *Invasions of Privacy*

56.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 55, inclusive, as if fully set forth at length herein.

57. Defendants Officer TARA PURCELL, and/or Police Officer "John" MULLINS and/or Officer JOHN DOE 1, and Officers JOHN/JANE DOES 2-5 intentionally and/or negligently committed physical invasions of Plaintiff's privacy by entering and remaining upon the property and in the building owned by the Plaintiff, which were within the zone of Plaintiff's reasonable expectation of privacy, and did so unlawfully, without legal justification, without legal or qualified immunities.    Said Defendants' conduct of physical invasion of Plaintiff's privacy was unreasonable in the circumstances, beyond said Defendants' statutory law enforcement powers, jurisdiction, and other legal authority.

58. As a direct and proximate result of the Defendants' unlawful physical invasion of Plaintiff's privacy by entering Plaintiff's reasonably expected zone of privacy on his property and in his building, Plaintiff suffered all the harm and damages complained of herein during all the direct chain of events that directly followed the Defendants' unlawful invasion of Plaintiff's zone of privacy on his private property in the afternoon of June 28, 2013, including mental anguish, anxiety, emotional distress, humiliation and embarrassment.  Concomitantly, but for Defendants' invasion of Plaintiff's zone of privacy, Plaintiff would not have suffered any of the harm and damages complained in this action, and for which Defendants are liable to the Plaintiff.

59.  Defendants separately and additionally committed an invasion of Plaintiff's privacy by intentionally and/or negligently responding to and intervening into Plaintiff's private business

affairs and into the purely civil and private business matter between Plaintiff and his former tenant concerning return of a security deposit under a private residential lease; Defendant JOHN DOE 1 committed an invasion of Plaintiff's privacy by taking and going through Plaintiff's personal items in his wallet; and the Defendants committed all of said acts unlawfully, without legal justification, without legal or qualified immunities, acted unreasonably in the circumstances, and which was beyond said Defendants' statutory law enforcement powers, jurisdiction, and other legal authority.

60. As a direct and proximate result of Defendants' said invasion of the privacy of Plaintiff's private matter and private documents in his wallet, Plaintiff suffered all the harm and damages complained of herein during all the direct chain of events that directly followed the Defendants' said unlawful invasion of Plaintiff's privacy on his private property in the afternoon of June 28, 2013, including mental anguish, anxiety, emotional distress, humiliation and embarrassment. Concomitantly, but for Defendants' said invasion of Plaintiff's privacy, Plaintiff would not have suffered any of the harm and damages complained in this action, and for which Defendants are liable to the Plaintiff.

**AS AND FOR SEPARATE CAUSES OF ACTION**
**AGAINST ALL DEFENDANTS**
***Under 42 U.S.C. §1983***

61. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 60, inclusive, as if fully set forth at length herein, and re-alleges and incorporates by reference the allegations set forth in paragraphs 1-59 inclusive, into separate causes of action against each of the following Defendants for their unlawful conduct and reckless indifference to Plaintiff's rights, which violated and deprived Plaintiff of his civil rights, liberty, and due process of law as aforesaid; all under 42 U.S.C. §1983, as follows:

I. **Against Defendants Officer TARA PURCELL, and Officer JOHN DOE 1** *for their acts of Battery and use of Excessive Force against the Plaintiff.*

II. **Against Defendants Officer TARA PURCELL and Officer JOHN DOE 1** *for their acts of Intentional Infliction of Emotional Distress against the Plaintiff.*

III. **Against Defendants Officer TARA PURCELL and Officer JOHN DOE 1** *for their acts of False Imprisonment, confinement and detention against the plaintiff.*

IV. **Against Defendants Officer TARA PURCELL and Officer JOHN DOE 1** *for their False Arrest of the Plaintiff.*

V. **Against Defendant Officer TARA PURCELL** *for her committing Abuse of Process against the Plaintiff.*

VI. **Against Defendant Officer TARA PURCELL** *for her Malicious Prosecution of the Plaintiff.*

VII. **Against Defendants Police Officer "John" MULLINS, and Officer JOHN DOE 1** *for their acts of Battery and use of Excessive Force against the Plaintiff.*

VIII. **Against Defendants Police Officer "John" MULLINS and Officer JOHN DOE 1** *for their acts of Intentional Infliction of Emotional Distress against the Plaintiff.*

IX. **Against Defendants Police Officer "John" MULLINS and Officer JOHN DOE 1** *for their acts of False Imprisonment, confinement and detention against the plaintiff.*

X. **Against Defendants Police Officer "John" MULLINS and Officer JOHN DOE 1** *for their False Arrest of the Plaintiff.*

XI. **Against Defendant Police Officer "John" MULLINS** *for his committing Abuse of Process against the Plaintiff.*

XII. **Against Defendant Police Officer "John" MULLINS** *for his Malicious Prosecution of the Plaintiff.*

XIII. **Against Defendants Police Officer "John" MULLUINS, Officer JOHN DOE 1, and Officers JOHN/JANE DOES 2-5** *for their Trespasses to Plaintiff's land.*

XIV. **Against Defendants Officer TARA PURCELL, Officer JOHN DOE 1, and Officers JOHN/JANE DOES 2-5** *for their Invasions of Plaintiff's Privacy.*

62. The aforesaid unreasonable and excessive acts, omissions, and conduct committed by Defendants Clarkstown Police Officers TARA PURCELL, Officer JOHN DOE 1, and Officers JOHN/JANE DOES 2-5 against the Plaintiff, intentionally and/or negligently, were committed by them under color of law and deprived Plaintiff of his rights, privileges and immunities guaranteed to him under the law and the U.S. Constitution, and Fourth and Fourteenth Amendments thereof, constituted a reckless indifference to Plaintiff and his legal rights, and were the direct and proximate cause of substantial harm and damages suffered by Plaintiff in this case.  Accordingly,

pursuant to 42 U.S.C. §1982, said Defendants are liable to the Plaintiff for all harm damages and relief lawfully claimed and recoverable by the Plaintiff.

63. Plaintiff repeats and re-alleges each and allegation in paragraphs 1 through 61, inclusive, as if fully set forth herein.

64. On and before June 28, 2013, Defendants TOWN OF CLARKSTOWN and Defendants JOHN/JANE DOES 6-15, its other law enforcement officials and its town officials presently unknown, by their official decisions and otherwise, had a pattern, practice, policy and/or custom of ignoring and failing to rectify with reckless indifference, the unlawful conduct of Clarkstown police officers who violated and disregarded the rights of persons, such as the Plaintiff in this action, as guaranteed to them under the U.S. Constitution, and Fourth and Fourteenth Amendments thereof and the laws of the United States; and made decisions which caused of the rights of Plaintiff's and other persons to be violated by Clarkstown Police Officers and law enforcement officials.

65. On and before June 28, 2013, Defendants TOWN OF CLARKSTOWN by and through its other law enforcement officials and its town officials, and Defendants JOHN/JANE DOES 6-15, who all were in positions to train, supervise, and educate Clarkstown police officers, had a pattern, practice, policy and/or custom, amounting to reckless indifference, of failing to properly train, supervise, and/or educate Clarkstown police officers so as not to violate the legal rights of persons under the laws and Constitution of the United States and Fourth and Fourteenth Amendments thereof, and which rights of persons include: their private property rights, their right of privacy at their residence, their right to be left alone in their private matters and business affairs, their right of freedom of movement and right to be free from threats, use of excessive and unreasonable physical force against them without justification, to be free from arrest and detention

without probable cause, their right not to have the criminal justice system used against them for unlawful and improper purposes, their right of due process of law, and the constitutional and civil rights of persons as applied to criminal and civil law.

66. The aforesaid acts, omissions, failures, conduct, policies established, and decisions made with a reckless indifference to those rights of the Plaintiff and others similarly situated   by the TOWN OF CLARKSTOWN and Defendants JOHN/JANE DOES 6-15, were the direct and proximate cause of all the harm and damages suffered by Plaintiff in this case.   Accordingly, pursuant to 42 U.S.C. §1982, said Defendants are liable to the Plaintiff for all damages and relief lawfully claimed and recoverable by the Plaintiff in this case.

### AS AND FOR A TENTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
*Violation of Rights Under the New York State Constitution*

67. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 66, inclusive, as if fully set forth at length herein.

68.   The aforesaid acts, omissions, failures, conduct, policies, and decisions made and committed the Defendants, jointly and severally, violated Plaintiff's legal rights of liberty, freedom of movement, and freedom from unlawful arrest, detention and confinement, without due process of law under Article I §6

69. The aforesaid acts, omissions, failures, conduct, policies, and decisions made and committed the Defendants, jointly and severally, violated Plaintiff's legal right of privacy embodied in Article I §12 of the New York State Constitution, and as a direct and proximate result of those violations, Plaintiff has been harmed and suffered damages as aforesaid.

70.  The aforesaid acts, omissions, failures, conduct, policies, and decisions made and committed by the Defendants, jointly and severally, were violations of Plaintiff's legal rights and

23

right of privacy embodied in Art. I §12 of the New York State Constitution, and as a direct and proximate result of those violations, Plaintiff has suffered, and will continue in the foreseeable future, to suffer harm and damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request judgment against the Defendants, both known and yet to be named, jointly and severally, as follows:

1. For compensatory damages, including both general and special damages;

2. For punitive damages against Defendants Officer TARA PURCELL, Officer JOHN DOE 1, and Police Officer "John" MULLINS and any JOHN/JANE DOES 2-15 according to proofs established against them, and as permitted by state law;

3. For attorneys fees pursuant to 42 U.S.C. § 1988, and as otherwise permitted by state law;

4. For lawful interest and statutory costs of suit as allowed by law; and

5. For such other and further relief as this Honorable Court deems just, proper, and equitable in the circumstances.

Plaintiff requests a jury trial on all questions of fact so triable.

Dated:   September 24, 2014

Respectfully submitted,

Jeffrey M. Adams, Esq. (JA0444)
ADAMS LAW FIRM, P.C.
455 Route 305, Suite 105
Bardonia, New York 10920
(845) 638-6800