USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES A. MUTINSKY,

      Plaintiff,

-against-

TOWN OF CLARKSTOWN, a public municipal corporation of the State of New York, POLICE OFFICER TARA PURCELL, POLICE OFFICER JOHN MULLINS, and JOHN/JANE DOES 1-15, being presently unknown persons who were Town of Clarkstown police officers, law enforcement personnel, or Town officials in their individual capacities; jointly and severally,

      Defendants.

No. 14-cv-7803 (NSR) (PED)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

  Plaintiff James Mutinksy brings this action against Defendants alleging violations of state and federal law arising out of his arrest on June 28, 2013, during which Plaintiff was subdued by a Conducted Electrical Weapon ("CEW"), commonly referred to as a Taser. Before the Court are Plaintiff's objections to certain of Magistrate Judge Paul E. Davison's discovery rulings in this action.

  On September 11, 2015, Judge Davison orally denied Plaintiff's application to compel production of: (1) certain training materials related to instructor certification, and (2) Response to Resistance Reports from 2008 through 2013 for the display and discharge of CEWs or Tasers. Judge Davison nevertheless ordered Defendants to produce training materials related to the use of aerosols as well as Response to Resistance Reports for the three years prior to the incident at issue in this action. By Declaration dated September 25, 2015, Plaintiff objects to Judge Davison's rulings, arguing that he should have granted all of Plaintiff's disputed discovery

requests.  (Objections by Declaration of Plaintiff's Counsel to Magistrate's Discovery Order Dated September 11, 2015 Pursuant to Fed. R. Civ. P. 72 ("Decl."), Docket No. 35.)

For the following reasons, Plaintiff's objections are OVERRULED and Judge Davison's rulings are AFFIRMED.

## STANDARD OF REVIEW

A district judge must modify or vacate a nondispositive order of a magistrate judge to the extent that it is "clearly erroneous or contrary to law."  28 U.S.C. § 636; Fed. R. Civ. P. 72; *see Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).  "Under this highly deferential standard of review, magistrates are afforded broad discretion in resolving [non-dispositive] disputes and reversal is appropriate only if their discretion is abused."  *AMBAC Fin. Servs., LLC v. Bay Area Toll Auth.*, No. 09 CIV.7062 RJH, 2010 WL 4892678, at *2 (S.D.N.Y. Nov. 30, 2010) (quoting *Margrabe v. Sexter Warmflash, P.C.*, No. 07-cv-2798 (KMK)(GAY), 2009 WL 361830, at *3 (S.D.N.Y. Feb. 11, 2009) (internal quotation marks omitted)).  "Matters concerning discovery generally are considered 'nondispositive' of the litigation."  *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (internal citations omitted).  An order is "clearly erroneous" if the reviewing court is "left with the definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Thompson v. Keane*, No. 95 Civ. 2442 (SHS), 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (internal citation and quotation marks omitted).

## DISCUSSION

**I.  The Training Materials Rulings**

Plaintiff sought to compel Defendants to produce certain training materials, including a "defensive packets manual," "written materials for [aerosol] instruction training," and "reality-

based training" materials.  (Transcript of September 11, 2015 Discovery Conference ("Tr."), Docket No. 40, at 3:5-7.)  Plaintiff argued that the materials were relevant to the officers' training and the options available to them when using force, and even if not admissible, were reasonably calculated to lead to relevant evidence.  (*Id.*, at 3:13-4:1.)  Plaintiff further argued that the materials were directly relevant to his *Monell* claim, which alleges that the Town failed to properly train its officers.  (*Id.*, at 4:2-11.)  In response, Defendants argued that the defensive tactics training materials and reality based training materials were instructor's materials only provided to Sergeant Chernick, the Clarkstown Police Department's training officer, and were never provided to the defendant officers.  (*Id.*, at 6:11-8:3.)  The aerosol training materials, however, were included in a PowerPoint presentation shown to the defendant officers.  (*Id.*, at 8:24-9:4.)

After hearing these arguments, Judge Davison ruled that: (1) the aerosol training materials must be produced because they were part of the training the defendant officers received, and (2) the defensive tactics training materials and reality based training materials did not need to be produced because they were never disseminated to the defendant officers.  (*Id.*, at 13:7-20.)

Plaintiff's objections to Judge Davison's rulings consist of only three fairly conclusory paragraphs.  Plaintiff argues that his request for these training materials is "clearly calculated to lead to relevant evidence under Rule 26 [of the Federal Rules of Civil Procedure] regarding the officers' training prior to confronting the Plaintiff."  (Decl. ¶ 4.)  Plaintiff continues that Defendants asserted "no valid reason . . . not to produce the material" and that Judge Davison's rulings were "clearly erroneous and contrary to law."  (*Id.* ¶¶ 4, 6.)

3

Despite Plaintiff's contentions to the contrary, Plaintiff fails to adequately explain why these training materials are clearly calculated to lead to relevant evidence; fails to assert in any more than conclusory terms why Judge Davison's rulings were clearly erroneous; and except for citing to Federal Rule of Civil Procedure 26, provides the Court with no contrary law upon which it could overturn Judge Davison's rulings. Without so much as a single citation to relevant precedent or an adequate explanation of why Judge Davison's rulings were clearly erroneous, Plaintiff fails to meet his burden to overturn the rulings.

Even analyzing Plaintiff's arguments under the broad parameters of Federal Rule of Civil Procedure 26(b)(1), which permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim," it is clear that Judge Davison found, following consideration of the parties' arguments, that the instructor's training materials provided to Sergeant Chernick, a non-party to the action, were not relevant to Plaintiff's claims. In light of the broad discretion given to magistrate judges to resolve non-dispositive disputes, the Court cannot conclude that Judge Davison abused his discretion. *AMBAC Fin. Servs., LLC*, 2010 WL 4892678, at *2.

## II.     The Response To Resistance Reports Ruling

Plaintiff also sought to compel the production of Response to Resistance Reports from 2008 through 2013. The reports contained information related to the "display and discharge" of Tasers by the Clarkstown Police Department. (*See* Tr. 13:24-14:1.) Plaintiff argued that the documents were relevant to determining whether there was a pattern, policy, or practice of Taser use by the Clarkstown Police Department in support of his *Monell* claim. (*Id.*, at 14:3-6; Decl. ¶ 7.) Judge Davison agreed that the reports were relevant, but limited disclosure to the three years prior to the date of the incident. (*Id.*, at 27:7-9.)

4

Plaintiff now argues that disclosure of all five years of reports is required because "a five-year period is the *very minimum*," (Decl. ¶ 7) (emphasis in original), period of time needed to determine whether a pattern or practice existed with regard to Taser use. Plaintiff does not cite to any statute or decision in support of this contention.

Plaintiff fails once again to explain why Judge Davison's ruling was clearly erroneous or contrary to law. In any event, it is well-settled that a court may limit discovery under Federal Rule of Civil Procedure 26 if the burden of discovery outweighs its benefit. *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403-404 (E.D.N.Y. 2011). A review of the record indicates that Judge Davison limited the scope of discovery specifically due to the burden it would impose on Defendants to locate and produce five years of reports. (Tr. 25:21-27:9.)

Accordingly, the Court finds that Judge Davison's ruling was not clearly erroneous or contrary to law, and Plaintiff's objection is overruled.

## CONCLUSION

For the foregoing reasons, Plaintiff's objections are OVERRULED and Judge Davison's rulings are AFFIRMED. The parties are directed to appear at an in-person status conference before the undersigned on January 7, 2016 at 12:00 p.m. The previously scheduled status conference on December 21, 2015 at 10:00 a.m. is canceled.

Dated: December 16, 2015
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge